UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TOMMIE ROLLINS,

                Defendant.

**DECISION AND ORDER**
19-CR-34S
11-CR-251S

Defendant Tommie Rollins is currently in custody at the Niagara County Jail pending sentencing following his guilty on April 3, 2019, to charges of Knowingly, Intentionally, and Unlawfully Possessing with the Intent to Distribute and Distribute Cocaine Base in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). Rollins faces sentencing for both his substantive criminal conduct (19-CR-34S) and for violating the terms of his supervised release (11-CR-251S).

Presently before this Court is Rollins's motion for release from custody premised on the COVID-19 pandemic. Rollins maintains that his continued detention places him at heightened risk to contract COVID-19, and therefore, he has demonstrated "compelling reason" for temporary release under 18 U.S.C. § 3142 (i).[1] The government opposes Rollins's motion.

For purposes of his substantive case (19-CR-34S), Rollins's custody is governed

---

1 Eighteen U.S.C. § 3142 (i) provides for temporary release from pretrial detention if a judicial officer determines such release necessary for preparation of the person's defense or for another compelling reason. Consequently, this provision does not apply to Rollins, who seeks release pending sentencing, not release pending trial.

1

by 18 U.S.C. § 3143 (a). With certain exceptions, the statute provides that an individual found guilty of an offense and who is awaiting imposition or execution of sentence be detained, unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. See 18 U.S.C. § 3143 (a)(1).

But a more stringent standard applies to individuals, like Rollins, who have been convicted of certain crimes set forth in 18 U.S.C. § 3142 (f)(1)(A)-(C).[2] Those individuals must be detained unless the court finds (1) that there is a substantial likelihood that a motion for acquittal or new trial will be granted, *or* (2) that the government recommends that no sentence of imprisonment be imposed, *and* (3) that clear and convincing evidence establishes that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143 (a)(2) (emphasis added).

Here, there is no showing, let alone a substantial likelihood, that a motion for acquittal or new trial will be granted or that the government is recommending a non-incarceration sentence. The threshold requirements for release pending sentence are therefore not met.

But this does not foreclose the possibility of release, because 18 U.S.C. § 3145 (c) provides that "[a] person subject to detention pursuant to section 3143 (a)(2) . . ., and who meets the conditions of release set forth in section 3143 (a)(1) . . ., may be ordered released, under appropriate conditions . . . if it is clearly shown that there are exceptional

---

2 Rollins's conviction under 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) carries a maximum term of imprisonment of 20 years and therefore falls under 18 U.S.C. § 3142 (f)(1)(A).

reasons why such person's detention would not be appropriate."  In other words, if it is determined by clear and convincing evidence that an individual subject to detention under § 3143 (a)(2) is not likely to flee or pose a danger to the safety of any other person or the community if released, that individual can be released on conditions under § 3145 (c) if it is further determined that there are exceptional reasons why the individual's detention would be inappropriate.  Rollins may thus be eligible for release in his substantive case if he can demonstrate that he is not a flight risk or a danger to a person or the community and there are exceptional reasons why his continued detention may not be appropriate.

For purposes of his supervised release case (11-CR-251S), Rollins's custody is governed by Rule 32.1 of the Federal Rules of Criminal Procedure.  That rule states that a defendant may be released or detained under 18 U.S.C. § 3143 (a)(1) pending further proceedings.  See Rule 32.1 (a)(6).  As indicated above, 18 U.S.C. § 3143 (a)(1) requires that the court "order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the [court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c)."  By rule, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."  Rule 32.1 (a)(6).

Rollins has been detained in both cases thus far because he has been determined to be a flight risk and danger to another person or the community, a determination that this Court agrees with having reviewed and considered Rollins's Presentence

Investigation Report, particularly his criminal history and poor performance under supervision. Nothing in Rollins's present motion challenges or changes that determination. As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions above. In the absence of evidence demonstrating a change in circumstances concerning Rollins's status as a flight risk and danger to another person or the community, detention pending sentence must be maintained. Consequently, Rollins's motion for release from custody pending sentence is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Release from Custody is DENIED.

SO ORDERED.

Dated: March 27, 2020
       Buffalo, New York

                                            s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge