UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TOMMIE ROLLINS,

Defendant.

**DECISION AND ORDER**
19-CR-34S
11-CR-251S

## I. INTRODUCTION

Presently before this Court is Defendant Tommie Rollins's Motion for Compassionate Release, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons discussed below, Rollins's motion is denied.

## II. BACKGROUND

On April 3, 2019, Rollins pleaded guilty to possessing with intent to distribute and distributing cocaine base, in violation of 21 U.S.C. § 841 (a)(1), as well as to violating the terms of his supervised release.[1] See Docket Nos. 12-15; 11-CR-251S, Docket Nos. 86, 87. On July 1, 2020, this Court sentenced Rollins to 72 months' imprisonment, 3 years' supervised release, a $100 special assessment, and no fine, fees, or costs.[2] See Docket Nos. 61, 62. Rollins is presently serving his sentence at FCI Schuylkill, with a release date of November 3, 2023.[3]

---

[1] Rollins filed duplicate motions for compassionate release in his most recent case (19-CR-34S) and his supervised release case (11-CR-251S). For ease of reference, this Court's docket citations are to only 19-CR-34S, unless otherwise noted.

[2] This Court also revoked Rollins's supervised release in 11-CR-251S and sentenced him to 24 months' imprisonment, to run concurrently with his 72-month sentence in 19-CR-34S.

[3] See https://www.bop.gov/inmateloc/ (last visited November 17, 2021).

1

On August 27, 2021, Rollins filed a pro se motion for compassionate release (sentence reduction) under 18 U.S.C. § 3582 (c)(1)(A)(i).  See Docket No. 67.  He argues that release is warranted because (1) he may possibly contract COVID-19, (2) he is needed to assist his wife with her health needs and childcare responsibilities, (3) he has served a considerable portion of his sentence, and (4) he has completed education programs while incarcerated.  The government opposes the motion.  See Docket Nos. 69, 70.

### III. DISCUSSION

**A.    Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[4] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such

---

[4] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release.  See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions.  See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

2

> a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is warranted after consideration of the applicable 18 U.S.C. § 3553 (a) factors and consistent with any applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020); United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is not jurisdictional, but rather, is a claim-processing rule that may be waived or forfeited by the government. See United States v. Saladino, 7 F. 4th 120, 121-124 (2d Cir. 2021) (per curiam). If invoked, however, the exhaustion requirement must be enforced because it is a mandatory claim-processing rule. See id. at 125 (Menashi, J., concurring); see also United States v. Schultz, 454 F. Supp. 3d 217, 223-24 (W.D.N.Y. 2020). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [5] or (2) 30 days lapse from the date the warden

---

[5] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf. 28 C.F.R. § 571.61 (a). Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director. Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's

of the defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress initially delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13, Application Notes.

But notably, the Second Circuit has held that U.S.S.G. § 1B1.13 is inapplicable to compassionate release motions brought directly by defendants, such as this one, and no longer constrains a district court's consideration of what qualifies as extraordinary and compelling reasons for purposes of such motions.  See United States v. Brooker, 976 F.3d 228, 234-37 (2d Cir. 2020) (holding that U.S.S.G. § 1B1.13 applies only to motions brought by the Bureau of Prisons).  The circuit court further held that "the First Step Act

---

general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel. Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." Id.; see also United States v. Jones, 17 CR 214 (CM), 2021 WL 4120622, at *1-2 (S.D.N.Y. Sept. 9, 2021).

As to the required consideration of the 18 U.S.C. § 3553 (a) factors, they include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a). Included in this calculus is whether the defendant may pose a danger to the safety of any person or to the community if released (the need to protect the public from future crimes).

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 448 F. Supp. 3d at 186.

**B.     Rollins's Motion for Compassionate Release**

**1. Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf. See 18 U.S.C. § 3582

(c)(1)(A).

Here, despite the government's contention to the contrary, see Docket No. 69, pp. 7-8, Rollins appears to have exhausted his administrative rights.  Attached to Rollins's motion is his handwritten request to the warden for compassionate release, dated February 11, 2021.  See Docket No. 67, pp. 5-7.  Also attached is the warden's March 10, 2021 denial of Rollins's request.  See id. pp. 17-18.  In light of this documentary evidence, this Court discounts the government's representation that Rollins failed to file a compassionate release request with the warden and instead finds that exhaustion is complete.

**2. Extraordinary and Compelling Reasons for Sentence Reduction**

Rollins first contends that the ongoing COVID-19 pandemic constitutes an extraordinary and compelling reason for a sentence reduction.  While the risks associated with the pandemic have surely warranted release in many cases, they do not here.  First, notwithstanding his current medical conditions,[6] Rollins has already contracted and recovered from COVID-19.  See Docket No. 67, p. 2.  This is significant since "the main point of releasing an individual is to decrease the person's chance of contracting COVID-19," see United States v. Rodriguez, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020), and because it demonstrates that COVID-19 does not pose a serious risk to Rollins's health, see, e.g., United States v. Hawkins, 16-CR-189 (JMA), 2021 WL 40206, at *2 (E.D.N.Y. Jan. 5, 2021) (denying compassionate release to defendant who contracted a non-severe case of COVID-19); United States v. Lindsey, No. 13-CR-271-

---

[6] Rollins claims to suffer from obesity, high blood pressure, respiratory ailments from smoking, and mental health issues.  See Docket No. 124, p. 5.  Rollins' medical records, however, do not reveal any formal diagnoses for hypertension, respiratory ailments, or obesity.  See Docket No. 70.

6

LTS, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (finding that "an inmate's having contracted COVID-19, standing alone, does not qualify as an 'extraordinary and compelling" circumstance warranting a reduction in sentence"); United States v. Hardy, No. 11-CR-629, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020) (finding that since the defendant "has contracted and seemingly weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense"); United States v. Delorbe-Luna, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); United States v. Williams, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020) (collecting cases); United States v. Mateus, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) (finding that defendant who had contracted and recovered from COVID-19 did not demonstrate extraordinary and compelling reasons for release); United States v. Santiago, No. 92-CR-563 (BMC), 2020 WL 4926470, at *2 (E.D.N.Y. Aug. 21, 2020) ("I do not believe that a positive COVID-19 test, even in an individual with risk factors for severe complications or death, constitutes an extraordinary and compelling circumstance in and of itself."); United States v. Perez, No. 04 Cr. 937-1 (NRB), 2020 WL 4677586, at *1 (S.D.N.Y. Aug. 11, 2020) (finding that "contraction of a disease generally does not constitute an extraordinary and compelling basis for release . . . [t]he fact that defendant recovered from COVID-19 further supports this conclusion").

Second, in addition to whatever natural immunities he may have developed from weathering COVID-19, Rollins admits that he is now fully vaccinated, which further decreases his chances of serious illness. See United States v. Rudkin, Crim. No. 3:08-

cr-177 (AWT), 2021 WL 2109182, at *1 (D. Conn. May 25, 2021) (finding "the fact that the defendant has been vaccinated means that his medical conditions no longer support a conclusion that the more severe illness or death from COVID-19 presents an extraordinary and compelling reason warranting reduction of his sentence"); United States v. Hines, 17-CR-364-2 (CS), 2021 WL 2077982, at *2 (S.D.N.Y. May 24, 2021) (finding that inoculation weighs against a finding of extraordinary and compelling reasons for a sentence reduction based on medical conditions).

Third, Rollins's generalized fear of a continuing danger posed by COVID-19 also does not constitute an extraordinary and compelling reason for compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Nwankwo, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) ("the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease"); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020) (denying compassionate release where defendant failed to demonstrate a specific medical condition that placed him at extraordinary risk of infection or severe illness from COVID-19); United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020).

Rollins next argues that his need to protect his ill wife from COVID-19 and to assist

her in caring for their grandchildren constitutes an extraordinary and compelling reason for a sentence reduction.  While a defendant's status as the only available caregiver to a close family member may, in some circumstances, constitute an extraordinary and compelling reason for a sentence reduction, see, e.g., United States v. Yoda, No. 15 CR 95, 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020) ("the need to care for one's aging and sick parent may, in certain circumstances, warrant a finding that an extraordinary and compelling reasons exists"); United States v. Wooten, No. 3:13-cr-18 (SRU), 2020 WL 6119321, at *4 (D. Conn. Oct. 16, 2020) (recognizing grounds for reduction and collecting cases), such is not the case here.

Even assuming that Rollins's wife suffers from medical conditions that make her particularly susceptible to serious illness from COVID-19 and that she needs help caring for her grandchildren, Rollins has made no showing that only he can provide the required care and assistance.  See United States v. McBriarty, No. 3:16-cr-109 (SRU), 2021 WL 1648479, at *8 (D. Conn. Apr. 27, 2021) (denying sentence reduction where the defendant's siblings were available to care for their mother and observing that "[a]lthough it seems that McBriarty may be the *best* available caregiver for his ailing mother, he is not her *only* available caregiver" (emphasis in original)).  Rollins fails to establish that no alternative sources of care are available, including other family and friends or social service and community programs.  While this Court understands that Rollins and his wife may prefer that Rollins be released to provide any required care and assistance, their preference does not amount to an extraordinary and compelling reason for a sentence reduction.  See United States v. Wilson, 10-CR-363S (1), 2021 WL 2327312, at *3-5 (W.D.N.Y. June 8, 2021) (denying motion for compassionate release, in part, due to

9

defendant's failure to demonstrate that he was mother's only available caregiver); United States v. Pabon, 17 Cr. 312 (JPC), 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) (denying motion for compassionate release for, among other reasons, defendant's failure to show that he was his wife's only available caretaker); United States v. Lindsey, No. 13-CR-271-LTS, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (denying sentence reduction on basis that defendant failed to show that no other family member or other caretaker could provide the necessary care).

Rollins next argues that compassionate release is warranted because he has served a significant portion of his sentence—37 of 72 months.  Service of a sentence alone, however, does not constitute an extraordinary and compelling reason for a sentence reduction.  See United States v. Johnson, 18-CR-907-PAC-2, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021) ("The fact that Johnson has served most of his sentence and is scheduled to be released in less than three months is not an extraordinary and compelling reason for a sentence reduction in this case, either."); United States v. Aswat, 04 Cr. 356, 2021 WL 2018207, at *4 (S.D.N.Y. May 20, 2021) (finding service of approximately 90% of sentence not extraordinary and compelling). Here, Rollins's service of just over half of his sentence is not a compelling reason for release.

Finally, Rollins argues that compassionate release is warranted because he has bettered himself while incarcerated by taking education courses.  Rehabilitation efforts alone, however, cannot be considered an extraordinary and compelling reason for a sentence reduction.  See 28 U.S.C. § 994 (t); Brooker, 976 F.3d at 234 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that

'[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (emphasis in original) (quoting 28 U.S.C. § 994 (t)).  While Rollins's efforts at rehabilitating himself are commendable and should continue, they do not alone or in combination with his other arguments constitute an extraordinary and compelling reason for compassionate release.  See United States v. Steele, No. 3:19-cr-65-VLB-2, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) (finding that "because the other claimed circumstances are unpersuasive and unsupported, [defendant's] rehabilitation cannot be considered an extraordinary and compelling reason"); United States v. Richiez-Castillo, 00-CR-54-RJA, 2021 WL 1746426, at *6 (W.D.N.Y. May 4, 2021) (finding that rehabilitation could not be considered an extraordinary and compelling reason for sentence reduction in the absence of other grounds).

Accordingly, for all of the reasons stated above, this Court finds that Rollins has failed to demonstrate circumstances, viewed in isolation or in combination, that constitute an extraordinary and compelling reason for a sentence reduction.

### 3.  Consideration of the § 3553 (a) Factors

Even if Rollins had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), this Court would find that those reasons are outweighed by consideration of the § 3553 (a) factors and that Rollins's original sentence would be severely undermined by a sentence reduction.  See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 2020 WL 91399, at *7.

Rollins began distributing cocaine less than two months after commencing his term of supervised release following a 93-month sentence for being a felon in possession of a

firearm and ammunition. Rollins sold cocaine base to confidential informants on four separate occasions and was discovered to have ammunition in his residence during a home inspection in September 2018. See Presentence Investigation Report, Docket No. 57, ¶¶ 15-19, 21. And with at least two prior felony convictions for crimes of violence or controlled substances offenses, Rollins is a Career Offender. Id. ¶ 34.

For this recidivist criminal activity, this Court imposed a 72 -month sentence, which was significantly lower than the recommended Guidelines range of 151-188 months' imprisonment. This is a fair, just, and reasonable sentence which, in this Court's view, would be severely undermined by a reduction to time served. Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant. See 18 U.S.C. § 3553 (a). Such a reduction would also result in unwarranted sentencing disparities. Id.

As to dangerousness, which this Court considers in conjunction with the need to protect the public from future crimes by the defendant, Rollins has an extensive criminal history filled with violent crimes and controlled substances offenses. See Presentence Investigation Report, ¶¶ 41-53. Rollins has been arrested some 22 times, with 14 of those arrests resulting in criminal convictions. Id. Those convictions include assault, robbery, disorderly conduct, weapons possession, and drug possession. Id. Rollins has demonstrated past violent tendencies, as seen in his physical assault of a man resulting in lost teeth and his shooting of a victim in the legs with a sawed-off shotgun during the course of an armed robbery. See Presentence Investigation Report, ¶¶ 46, 49. Based on this history, and the fact that criminal justice oversight fails to deter Rollins's criminal

behavior, this Court finds that Rollins poses a danger to the community and a risk of committing future crimes if released.

Accordingly, consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

## IV. CONCLUSION

For all of the reasons stated above, this Court finds that a sentence reduction (compassionate release) under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted. Rollins's motion will therefore be denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Rollins's Motion for Compassionate Release (Docket No. 67; 11-CR-251, Docket No. 124) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Rollins at his correctional institution of record.

SO ORDERED.

Dated:	November 22, 2021
	Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge